[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Elaine Lyons (Lyons) instituted this proceeding against the Jewish Federation of Greater Danbury, Inc. (Federation); Lauren Bernard (Bernard), the executive director of the Federation; and William Goodman (Goodman), the president of the Federation, arising out of the termination of Lyons' employment. In her eleven-count complaint, Lyons alleges that she had been working for the Federation since August, 1985, performing secretarial, bookkeeping and office management services when, beginning in May, 1995, Bernard began engaging in conduct aimed towards "getting rid of" Lyons as an employee of the Federation. Lyons alleges that Bernard instructed new employees of the Federation "not to associate or communicate" with Lyons, asked other employees to "agree that [Lyons'] bookkeeping skills were inadequate," and commented to a former employee that she "want[ed] Elaine Lyons out of here," that she would "take duties away from Elaine," and would "decrease Elaine's pay and make it difficult . . . for Elaine to work so she will leave."[1]
Based upon these allegations, Lyons has alleged the following causes of action: wrongful termination, breach of contract and breach of the implied covenant of good faith, all against the Federation; three counts of defamation against Bernard; one count of defamation against Goodman; and four counts of defamation against the Federation based on the respective defamation counts CT Page 6878 against Bernard and Goodman.
Bernard has moved to dismiss the action as against her on the grounds that process was not properly served upon her and, in any event, the court lacks personal jurisdiction over her. In her memorandum in support of the motion, Bernard points out that the sheriff's return indicates that he served her by mail, pursuant to Sec. 52-59b of the General Statutes, at 1250 Tamiana Trail North, Suite 304C, Naples Florida. Bernard asserts, however, that she does not live at that address, and that the attempted service upon her is therefore improper. In the second prong of her argument, Bernard asserts that she is not subject to the long arm jurisdiction of this court because Lyons' complaint against her sounds solely in defamation, a tort specifically excluded from Sec. 52-59b of the General Statutes, Connecticut's long arm statute.
In response to the motion to dismiss, Lyons filed a request for leave to file an amended complaint which added two causes of action against Bernard: interference with contractual relations and tortious interference with a business expectancy. Lyons also filed a memorandum in opposition to the motion to dismiss in which she asserts that the amended complaint cures the defect in the original complaint in that the additional counts confer long arm jurisdiction over Bernard.
"A motion to dismiss is the appropriate vehicle for challenging the jurisdiction of the court." Zizka v. WaterPollution Control Authority, 195 Conn. 682, 687. Bernard's motion to dismiss is timely since it was filed within thirty days of her appearance in this action. See Sec. 142 of the Practice Book.
"When a defendant files a motion to dismiss challenging the court's jurisdiction, a two part inquiry is required. The trial court must first decide whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [defendant]. If the statutory requirements [are] met, its second obligation [is] then to decide whether the exercise of jurisdiction over the [defendant] would violate constitutional principles of due process." (Citations omitted; footnote omitted; alterations in original; internal quotations marks omitted.)Knipple v. Viking Communications Ltd., 236 Conn. 602, 606.
The court finds it unnecessary to address the second prong of the test because the complaint fails to satisfy the first prong. CT Page 6879 Section 52-59b, provides, inter alia that: "a court may exercise personal jurisdiction over any nonresident individual, or foreign partnership, or his or its executor or administrator, who in person or through an agent . . . commits a tortious act within the state, except as to a cause of action for defamation ofcharacter arising from the act . . . ." (Emphasis added.)
Lyons admits that the original complaint is defective since it alleges only causes of action sounding in defamation against Bernard. However, she argues that the amended complaint, which includes additional counts against Bernard based on the same facts, is sufficient to confer personal jurisdiction over Bernard pursuant to the long arm statute.
The proposed amended complaint cannot be considered until the motion to dismiss is ruled upon. The Supreme Court's decision inHillman v. Greenwich, 217 Conn. 520, is analogous to the case at bar. In Hillman, the Supreme Court held that a complaint that was jurisdictionally defective could not be cured retroactively by the filing of an amended complaint that cured the defect. The plaintiff there had served a complaint on the defendant without a writ and summons. When the defendant moved to dismiss, the plaintiff filed an amended complaint which contained the missing writ and summons. The trial court denied the defendant's motion to dismiss, but the Supreme Court disagreed, concluding that the trial court should not have found that the service of a writ of summons with the amended complaint 'cured' the absence of service of process in the original complaint. Hillman v. Greenwich, supra, 527. The court remarked that the defect in the plaintiff's complaint was jurisdictional, and that because the plaintiff had failed to comply with the jurisdictional requirements, the trial court should have dismissed the complaint for lack of personal jurisdiction over the defendant. Hillman v. Greenwich, supra, 526.
Similarly, in this case, the original complaint filed by Lyons was jurisdictionally defective because it alleged only claims sounding in defamation against Bernard, which again do not confer jurisdiction under the long arm statute. Although the proposed amended complaint may be free of that jurisdictional defect, it cannot be applied retroactively to avoid the effect of Bernard's motion to dismiss. The motion to dismiss is, accordingly, granted.
Moraghan, J. CT Page 6880